IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

MERCEDES SHAMBURGER,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, MERCEDES SHAMBURGER, (hereinafter "Plaintiff"), through undersigned counsel, files suit against Defendant, CARNIVAL., (hereinafter "Defendant"), for damages and alleges:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Plaintiff is seeking damages in excess of 75,000, and there is diversity of citizenship between Plaintiff and Defendant; accordingly there is subject matter jurisdiction with this court pursuant to 28 U.S.C. §1332, including the saving to suitors clause, as Plaintiff brings this action at law and seeks a jury trial.

2. On or about February 14, 2019, Plaintiff was a fare paying passenger onboard the passenger cruise ship Carnival Sensation, which was owned and/or operated by Defendant.

3. At all times material hereto, the Plaintiff was a citizen and resident of Michigan.

4. At all times material hereto, the Defendant maintained their main headquarters and principle place of business in Miami, Florida, and is considered a citizen and resident of the state of Florida for purposes of diversity of citizenship.

5. Venue is proper under 28 U.S.C. §1391 (b)(1) as the Defendant resides in this district and the cruise ship ticket issued by the Defendant requires Plaintiff to file lawsuit in this district.

6. Plaintiff invokes the diversity jurisdiction of this Court, brings this action at law, and seeks a jury trial for all Plaintiff's claims, which he is entitled to.

7. This Court has personal jurisdiction over Defendant under Fla. Stat. §48.193 because Defendant, at all times material hereto, personally and/or through its agents, employees, or representatives, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or.

   b. Had an office or agency in this state and/or county; and/or.

   c. Engaged in substantial activity within this state; and/or.

   d. Committed tortious acts in whole or in part within this state.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

9. At all times material hereto, the Defendant owned, operated, managed, maintained and/or controlled the cruise ship, Carnival Sensation.

10. Defendant has known for many years that tender operations transporting passengers to the various ports it travels to creates potential safety hazards for the passengers, including but not limited to the offloading of passengers off the tender boat to the particular port.

One of known potential hazards is the method of offloading and the type of surface the passengers are required to navigate on. This includes the potential slipperiness of any surface, especially during bad weather conditions when such surface gets wet.

11.  On or about February 14, 2019, Plaintiff was a fare paying passenger on Defendant's cruise ship vessel, Carnival Sensation. On or about that date, the vessel arrived at Grand Cayman, and anchored, and transported the cruise ship passengers by tender to the port at the Grand Cayman. On this particular day the weather conditions were poor, there was high swells, and difficulty getting off the ship. Despite such, passengers were transported by tender, and once they arrived at the place in the Grand Cayman where the passengers were taken to, the Plaintiff, along with other passengers were stepping off the tender and immediately had to step on to a ramp that was made out of metal, with no type of any anti-skid stripping on the metal ramp. The weather conditions were poor, and it was raining, creating a hazardous condition for the passengers getting off the tender and stepping on to this wet, slippery metal ramp. In fact, several passengers started slipping on this slippery wet ramp. The Plaintiff was one of the passengers who stepped off the tender boat took some steps and then slipped and fell, causing a serious injury to her left leg/ankle. Another passenger slipped and fell and broke an arm.

12.  At all times material hereto, Defendant knew of the unsafe and dangerous conditions that existed, and still took their passengers to this area, and took no precautions for the passengers safety, and failed to warn the passengers of the unsafe and dangerous condition that existed as the passengers were getting off the tender boat.

## COUNT I - NEGLIGENCE AGAINST DEFENDANT CARNIVAL

13.  The Plaintiff, repeats and adopts paragraphs one (1) through thirteen (13) above and further avers:

14. At all times material, and in particular on or about February 14, 2019, the Defendant Carnival owed to its passengers, and in particular to the Plaintiff, the duty to exercise reasonable care to maintain and operate the Carnival Sensation's tender in a reasonably safe condition.

15. At all times material, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failure to exercise reasonable care for the safety of the passengers by failing to take adequate safety precautions based on the bad weather that existed when the ship arrived to the Grand Cayman.

   b. Failing to provide a safe means for the passengers to get off the cruise ship.

   c. Failure to safely transport passengers to the Grand Cayman, and failure to provide safe means to get off the tender boat. Instead, the passenger had to step on to a wet and slippery ramp in bad weather.

   d. Failure to provide a proper means of egress from the tender boat to the Grand Cayman Island.

   e. Failure to suspend the operations due to the weather conditions.

   f. By failing to warn the passengers of the unsafe and dangerous condition that existed.

   g. Failure to warn of the slippery and unsafe metal ramp that passengers were required to step on and walk on in order to get off the tender boat and into the Grand Cayman port.

  h. Failure to have an appropriate walking surface for the cruise ship passengers that were leaving the vessel.

  i. Failure to provide a non-skid surface for the passengers leaving the tender boat.

  j. Failure to provide a dry surface for the passengers to walk on.

  k. Failure to inspect and discover the unsafe condition, and to rectify them, before taking the passengers by tender to place where the Plaintiff and others slipped and fell.

  l. Failing to install proper and reasonable safeguards to prevent passengers from being injured when walking in the subject area.

  m. Failing to take proper precautions for the safety of its passengers.

  n. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant, and which in the exercise of reasonable care should have been known by the Defendant.

16. As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff sustained serious injuries, including multiple open fractures in her left ankle, requiring emergent surgery, suffered serious injuries to her body and extremities, pain and suffering, disability, disfigurement, physical handicap, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future, her working ability has been impaired, has incurred medical expenses in the past and will incur medical expenses in the future. Plaintiff will require further medical care and treatment for the remainder of her life. These damages are permanent and continuing in nature.

**WHEREFORE**, the Plaintiff, demands judgment against the Defendant CARNIVAL for all damages recoverable under the law, as well as pre-judgment and post-judgment interest and costs to the extent allowed by law, and any, other relief deemed proper under the circumstances, and demands trial by jury of all issues so triable.

Dated: March 13, 2020.

Respectfully submitted,

By: ___*s/ Brett Rivkind*___
BRETT RIVKIND, ESQ.
FBN: 373486
seainjury@rivkindlaw.com
RIVKIND, MARGULIES & RIVKIND, P.A.
169 East Flagler Street
Suite 1422
Miami, FL 33131
Telephone: (305) 374-0565
Facsimile: (305) 539-8341
Attorneys for Plaintiff